**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ROBERT ARLEDGE**                                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.  5:10cv19KS-JMR**

**BANCCORPSOUTH BANK**                                            **DEFENDANTS**

## ORDER DENYING REMAND

This matter is before the court on Motion to Remand **[#10]** filed on behalf of the plaintiff.  The court having considered the motion, the response, the briefs of counsel, the authorities cited, and the being otherwise fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows, to wit:

## FACTUAL BACKGROUND

On January 27, 2010, the plaintiff, Robert Arledge, filed a Preemptive Writ of Recoupment and Request for Injunction against the defendant in the Chancery Court of Warren County, Mississippi as a result of a foreclosure on his home.  The plaintiff asserts that his claim is "based on the Defendant's violation of 15 U.S.C. 1691 (ECOA)[Equal Credit Opportunity Act] in the underwriting of a homeowners loan."  On February 12, 2010, the defendant timely removed the case to this court asserting federal question jurisdiction, 28 U.S.C. § 1441(b).

## STANDARD OF REVIEW

The removal statutes are to be strictly construed against removal.  *See, Brown v.*

*Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); and *Butler v. Polk*, 592 F.2d 1293 (5th Cir.

1979).    The defendant, as the removing party, bears the burden of establishing the

court's jurisdiction.  *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S. Ct. 35,

66 L.Ed. 144 (1921); *Village Fair Shopping Company v. Sam Broadhead Trust*, 588 F.

2d 431 (5th Cir. 1978); *Ray v. Bird and Son Asset Realization Company, Inc.*, 519 F. 2d

1081 (5th Cir. 1975).  Generally, where there are close questions whether to remand an

action, the court will resolve the issue in favor of remand.  *OPNAD Fund, Inc. v.*

*Watson*, 863 F. Supp. 328, 330(S.D. Miss. 1994); citing *Laughlin v. Prudential*

*Insurance Company*, 882 F. 2d 187, 190 (5th Cir. 1989).


### FEDERAL QUESTION-"ARISING UNDER"

The defendant asserts that the plaintiff's claims arise under federal law as the

plaintiff has asserted a specific violation of 15 U.S.C. § 1691.  In order for the court to

properly entertain removal jurisdiction pursuant to 28 U.S.C. § 1441(b) under federal

question auspices, the cause of action must be one which arises "under the

Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A suit arises

under federal law if some substantial, disputed question of federal law appears on the

face of the well pleaded complaint.  *See Franchise Tax Board v. Construction Laborers*

*Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983).   "A

defendant may not remove on the basis of an anticipated or even inevitable federal

defense, but instead must show that a federal right is 'an element, and an essential one,

of the plaintiff's cause of action.'"  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d

362 , 366 (5th Cir. 1995)(quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S. Ct.

96, 97, 81 L. Ed. 70 (1936)).

A plaintiff is generally the master of his own complaint. *See, Healy v. Sea Gulf Specialty Co.*, 237 U.S. 479, 480, 35 S. Ct. 658, 659, 59 L. Ed. 1056 (1915), and *The Fair v. Kohler Dye and Specialty Co.*, 228 U.S. 22, 23, 33 S. Ct. 410, 411, 57 L. Ed. 716 (1913). It is well settled that "a plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d at 366(citing *Merrill Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 3233, n. 6, 92 L. Ed. 2d 650 (1986)).

Under the well pleaded complaint rule, federal jurisdiction is found to exist only where a federal claim is presented on the face of the plaintiff's properly pleaded complaint. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). The defendant points to the plaintiff's specific acknowledgment that his claim arises under 15 U.S.C. §1691 to support its argument that the face of the Complaint does indeed assert a federal claim.

The artful pleading doctrine, which is a *narrow* exception to the well pleaded complaint rule, applies only when one has inappropriately characterized his federal claim as a state claim, not when one fails to name a party who would force federal jurisdiction. In this case, the plaintiff has plainly not attempted to artfully plead that his ECOA claims arise under state law. Rather, he relies solely upon language in the ECOA, which reads:

Any action under this section may be brought in the appropriate United States

3

District Court, without regard to the amount in controversy, or any other court of competent jurisdiction.

15 U.S.C. § 1691e(f).

The plaintiff relies upon the above-quoted language for what the defendant describes as the untenable position that Congress intended to allow claims under ECOA to be brought in state court because of its inclusion of language concerning "the amount in controversy." However, the salient language that ECOA actions may be brought in the appropriate "United States District Court without regard to amount in controversy" highlights the fact that such ECOA-based claims arise exclusively under federal question and are in no way dependent on federal court jurisdiction grounded upon diversity.

The plaintiff also relies upon the language in 15 U.S.C. § 1691e(f) which reads "or any other court of competent jurisdiction" as supporting his position that such language is "an expressed Congressional Proclamation within the meaning of 28 USC § 1441 against removal." This contention fails also.

In *Shorty v. Ocwen Loan Servicing*, 2007 U.S. Dist. LEXIS 23165 (E.D. La 2007), the Louisiana District Court was faced with a similar scenario where the plaintiff's motion to remand asserted that "federal question does not exist under RESPA because 12 USC § 2614 states that a proceeding brought pursuant to RESPA may be brought 'in the United States District Court or in any other court of competent jurisdiction.'" The Louisiana District Court agreed with the defendant that federal question jurisdiction existed over the matter based on plaintiff's claims brought under RESPA and noted that the plaintiff "did not deny, in their motion to remand, that they had brought claims under

4

RESPA and, in not doing so, seemed to concede that they have raised such claims."
2007 U.S. Dist. LEXIS 23165 at *7 - *8.  Similarly, the plaintiff does not deny that his claims are solely premised upon federal law (ECOA) and as such, federal jurisdiction exists over this matter.

Indeed, the Fifth Circuit has observed that "[u]nless, therefore, there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Baldwin v. Sears*, 667 F.2d 458, 460 (5th Cir. 1982).  Instructive language from the Fifth Circuit in *Baldwin* reads:

> Examining the specific language contained in the ADEA, we note that Congress chose to use the words, ". . . may bring a civil action in any court of competent jurisdiction . . ." 29 USC § 626(c)(1). This language clearly suggests that a plaintiff may institute suit based on the ADEA in either state or federal court. It does not indicate an intent on the part of Congress, however, to allow a plaintiff to prosecute the suit to final judgment in that court. In short, we find no express prohibition against removal pursuant to 28 USC § 1441(a). (667 F.2d at 461.)

Likewise, the court finds no express prohibition of removal, in spite of the plaintiff's assertion otherwise.  In fact, the court concludes that it is clear that the plaintiff's cause of action arises under federal law and thus is properly removable.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion to Remand **[#10]** filed on behalf of the plaintiff is Denied.

SO ORDERED AND ADJUDGED, this the 12th day of May , 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE