# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT ARLEDGE | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 5:10cv19KS-MTP |
| BANCCORPSOUTH BANK | DEFENDANT |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss or for Summary Judgment **[#25]** filed on behalf of the defendant. The court having considered the motion, the response, the briefs of counsel, the authorities cited, and the being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows, to wit:

## FACTUAL BACKGROUND

On January 27, 2010, the plaintiff, Robert Arledge, filed a Preemptive Writ of Recoupment and Request for Injunction against the defendant in the Chancery Court of Warren County, Mississippi as a result of a foreclosure on his home. The plaintiff asserts that his claim is "based on the Defendant's violation of 15 U.S.C. 1691 (ECOA)[Equal Credit Opportunity Act] in the underwriting of a homeowners loan." On February 12, 2010, the defendant timely removed the case to this court asserting federal question jurisdiction, 28 U.S.C. § 1441(b).

Regardless of title, the plaintiff is essentially asserting that his wife, Betty Arledge, was required to sign loan documents at BancorpSouth when she had no

ownership interest in the property pledged as collateral (a $1 million home in Vicksburg) and asserts that the loan application had been made by Robert Arledge, individually. The Complaint asserts that this violates the Equal Credit Opportunity Act by virtue of alleging discrimination by BancorpSouth on the basis of marital status.

## **STANDARD OF REVIEW**

Since matters outside the pleadings have been supplied, the court will review the matter under the standard required for summary judgement. The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); and see *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is

not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants'

motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

The plaintiff has failed to respond to the present motion. Nevertheless, the court must ascertain that the defendant is entitled to judgment as a matter of law before relief in its favor can be granted. The mere failure of the plaintiff to oppose the motion is insufficient, by itself, to grant the relief requested by BancorpSouth.

4

## ANALYSIS

The defendant argues that negating the allegations of the Complaint is rather straightforward with the court's review of Exhibit A, a form alleged to be consistent with Federal Reserve Board-sanctioned models, entitled "Regulation B Notice of Intent to Apply for Joint Credit." This form, for the subject loan in question, has after a bold/blackened "Notice" block: "You intend to apply for joint credit." This is followed likewise by a bold/blackened "Acknowledgment" section that bears the signature of Betty G. Arledge (and Robert Arledge), which indicates "You acknowledge receipt of a copy of this notice on today's date."

Thus, the defendant asserts that the plaintiff's contention that BancorpSouth violated the Equal Credit Opportunity Act ("ECOA"), 15 USC 1691, *et seq.*, simply fails when measured against the plaintiff's voluntary action of executing a joint application for credit. The court agrees. Specifically, 12 CFR § 202.7(d) of ECOA's implementing regulations provides in relevant part:

> Signature of spouse or other person - - (1) rule for qualified applicant. Except as provided in this paragraph, a creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested.

Section 202.7(d) Equal Credit Opportunity Act.

The above language makes clear that a creditor cannot require a spouse's signature on the credit instrument unless the spouse is a joint applicant. Under 12 CFR § 202.2 (e), "Applicant" means any person who requests or who has received an extension of credit from a creditor, and includes any person who is or may become

5

contractually liable regarding an extension of credit. The Notice of Intent to Apply for Joint Credit (Exhibit A) signed by both Aledges shows unequivocally that they were joint applicants for credit with the defendant.

The Notice of Intent to Apply for Joint Credit form is compatible with Federal Reserve Board requirements, thus, any assault on the form which was executed and receipted by Mr. and Mrs. Arledge, is devoid of merit. *See* Official Staff Interpretation of Regulation B (12 CFR Part 202). The relevant portions of the Official Staff Interpretation of Regulation B (12 CFR Part 202) provide:

> Evidence of Joint Application. A person's intent to be a joint applicant must be evidenced at the time of application. Signatures on a promissory note may not be used to show intent to apply for joint credit. On the other hand, signatures or initials on a credit application affirming applicants' intent to apply for joint credit may be used to establish intent to apply for joint credit. (*See* Appendix B). The method used to establish intent must be distinct from the means used by individuals to affirm the accuracy of information.

Therefore, the Notice of Intent to Apply for Joint Credit form, being a freestanding, separate document provided by BancorpSouth, constitutes a distinct method used to affirm that the plaintiffs intended to apply for joint credit. With respect to Appendix B to Part 202 concerning model application forms, the Official Staff Interpretation of Regulation B (12 CFR Part 202) reads in relevant part that all the forms contained in Appendix B are "models" and that a "creditor may change the forms: . . . by rearranging the format without modifying the substance of the inquiries." Obviously, the Notice of Intent to Apply for Joint Credit form provided by BancorpSouth to the plaintiffs passes muster under Federal Reserve Board requirements as it distills the substance of the form down to a single inquiry: whether the applicant intends to apply for joint credit

and undeniably satisfies the prong of intent to do so being established by a distinct means.

Furthermore, "if a creditor uses an appropriate Appendix B model form, or modifies a form in accordance with the above instructions, that creditor shall be deemed to be acting in compliance with the provisions of paragraphs (b), (c), and (d) of § 202.5 of this regulation." Appendix B to 12 CFR Part 202. Thus, the court concludes that the Notice of Intent to Apply for Joint Credit form signed by and provided to the plaintiffs is in plain and obvious compliance with ECOA and Regulation B (via Appendix B to 12 CFR Part 202), and entitles BancorpSouth to judgment in its favor as a matter of law on the claims asserted in the Complaint.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Motion for Summary Judgment **[#25]** filed on behalf of the defendant is granted and the plaintiff's Complaint is dismissed with prejudice. However, this is not a final dismissal of the case as the defendant has filed a Counter-Claim against the plaintiff. Nevertheless, a final judgment on the plaintiff's claims will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 25th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE